DEBORAH F. SIRIAS, SB# 102893
   E-Mail: sirias@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California  90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Attorneys for Defendants* THE TJX
COMPANIES, INC.; STYLES FOR
LESS, INC.; MS. BUBBLES, INC.;
DELIA'S, INC.; TOPIA CASUAL, INC.;
BELLA D, INC.; and
FILENE'S BASEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUBLE ZERO, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>THE TJX COMPANIES, INC. d/b/a TJ MAXX, a Massachusetts corporation; STYLES FOR LESS, INC., a California corporation; MS. BUBBLES, INC., a California corporation; DELIA'S INC., a Delaware corporation; TOPIA CASUAL, INC., a California corporation; PRINT TEAM, a California business entity of form unknown; LOVE CULTURE, LLC, a Delaware Limited Liability Company, C & L BLUE, INC., a California corporation; BELLA D, INC., a California corporation; FILENE'S BASEMENT, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>          Defendant. | CASE NO. CV10-5241 CBM (JCGx)<br>*Hon. Consuelo B. Marshall*<br><br>**PROTECTIVE ORDER** |

LEWIS
BRISBOIS
BISGAAR

1    The Court has considered the Motion for Protective Order brought by The

2  TJX Companies, Inc. dba TJ Maxx, Ms. Bubbles, Inc., Styles for Less, Bella D, Inc.,

3  and Filene's Basement, LLC (collectively, "Defendants"), as well as the Joint

4  Stipulation submitted by Plaintiff and Defendants pursuant to Local Rule 37-2.

5    Finding good cause therefore, the Court hereby grants Defendants' Motion for

6  Protective Order and orders that a Protective Order be entered in this case as

7  follows:

8    ## I.  STATEMENT OF GOOD CAUSE

9    This action involves claims for copyright infringement under the Copyright

10  Act of 1976, Title 17 U.S.C. § 101 et seq. The parties, who are variously

11  manufacturers and vendors of textile designs and apparel retailers, are direct and/or

12  indirect competitors of each other. A primary element of this case is related to

13  Plaintiff's claim that because of Defendants' alleged wrongful acts, Plaintiff has lost

14  substantial business relating to its copyrighted designs. The parties therefore

15  recognize that extensive discovery requesting information from the parties regarding

16  their vendors, customers and clients, including financial information, market

17  information and other commercially and competitively sensitive information maybe

18  necessary to prove and/or disprove Plaintiff's claims and Defendants' defenses

19  thereto. There will also be multiple depositions of the parties' employees or agents

20  and third party vendors, customers or clients and such persons will likely be asked

21  to answer questions on these potentially sensitive subject areas. The parties, as

22  competitors in the industry, will likely be placed at a competitive or economic

23  disadvantage if such confidential and/or proprietary information is disclosed to other

24  parties and/or the public at large. This protective order ("Protective Order" or

25  "Order") is therefore necessary to avoid any prejudice or harm in the form of loss of

26  competitive advantage which would likely result if such information was disclosed

27  in the absence of the protections set forth herein. This Order is also necessary for the

28

orderly management of this litigation. Without this Order, the exchange of party information, as well as information needed from third parties, including most importantly the parties' vendors, customers or clients may become logistically very difficult, time consuming and expensive.

Therefore, based on the foregoing statement of good cause the parties respectfully request that the Court should grant the Parties stipulation for entry of the below Protective Order.

## II.   PROTECTIVE ORDER

### A.   Definition of "Confidential Information"

1.   "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

(a)   derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use;

(b)   is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(c)   is otherwise regarded by a party as being confidential, private, or proprietary in nature.

2.   Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

### B.   Production of Confidential Information

LEWIS
BRISBOIS
BISGAAR

1.     All efforts by any party or witness in this matter to designate any information as "Confidential," shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2.     All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this Order, *infra*, prior to disclosure, by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall be on every page.

**C.     Levels of Confidentiality**

Any information designated as "Confidential" or "Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1.     "Attorneys' Eyes Only" -- Information designated as "Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

(a)     Attorneys acting on behalf of the parties in this matter;

(b)     The office personnel employed by the counsel working under the direct supervision of said counsel;

(c)     The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending; and

(d)     Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this

1   agreement in full and read, sign, and agree to be bound by all of its terms.

2          2.      "Confidential" -- Information designated as "Confidential" shall

3   be restricted to viewing, copying by, and disclosure to:

4             (a)     All "Attorneys' Eyes Only" persons; and

5             (b)     All employees, officers, and directors of each party of

6   record. It is not necessary that each such person sign this order, provided that the

7   Receiving Party has previously notified all employees, officers, and directors of the

8   existence of this order, its terms, and the consequences of an unauthorized

9   disclosure.

10       **D.**    **Depositions**

11          1.      Any party may designate testimony provided in an oral

12   deposition as "Confidential" or "Attorneys' Eyes Only". The designation of such

13   testimony shall be made at any point during the deposition by so stating on the

14   record and identifying the level of protection desired.

15          2.      Once testimony has been designated as "Confidential" or

16   "Attorneys' Eyes Only", only the following persons shall be present for the answer:

17             i.     Persons authorized under this Order;

18             ii.     The deponent; and

19             iii.     The reporter and videographer.

20          3.      Each court reporter and videographer participating in any

21   deposition shall be provided with a copy of this Order and shall adhere to its

22   provisions. Each court reporter must separately bind those portions of the deposition

23   transcript and related exhibits deemed confidential and shall further separate the

24   confidential portions into separate bound deposition transcripts by the various levels

25   of confidentiality and shall thereon place a reasonably conspicuous and prominent

26   designation on the first page of each such bound transcript or exhibits.

27          4.      A deponent and/or party shall have until thirty (30) days after

28

LEWIS
BRISBOIS
BISGAAR

1    receipt of a deposition transcript to designate additional portions of the transcript
2    under this Order.

3         5.    Each party shall cause each copy of the transcript in its custody
4    or control or that comes into its custody or control to be immediately marked as
5    designated.

6         6.    Prior to the expiration of the thirty (30) days, a deposition
7    transcript and/or the substance of a deponent's answers may be disclosed only to
8    those persons authorized to receive items designated as "Attorneys' Eyes Only" and
9    the deponent.

10        **E.    Inadvertent Disclosure**

11        1.    The inadvertent or unintentional disclosure of "Confidential" or
12   "Attorneys' Eyes Only" or any other privileged or protected item, regardless of
13   whether the item was so designated at the time of disclosure, shall not be deemed a
14   waiver in whole or in part of a party's claim of protection or privilege either as to the
15   specific information disclosed therein or on the same or related subject matter,
16   provided that the party later asserting a claim of protection or privilege informs the
17   opposing parties of  its claim within a reasonable time after learning of the
18   disclosure.

19        2.    The Receiving Party shall promptly destroy, sequester, or return
20   to the Disclosing Party any protected or privileged item discovered by the
21   Disclosing Party to have been inadvertently or unintentionally disclosed to the
22   Receiving Party upon being notified of the Disclosing Party's claim of protection or
23   privilege. If the Receiving Party disclosed the protected or privileged item before
24   being notified of the Disclosing Party's claim of protection or privilege, it must take
25   reasonable steps to retrieve the item for destruction, sequestering, or return to the
26   Disclosing Party.

27        **F.    Acknowledgment of Order**

28

LEWIS
BRISBOIS
BISGAAR

1          Each person required by this Order to sign a statement agreeing to be

2   bound by the Order must sign a statement to be delivered to and maintained by the

3   Disclosing Party which states the following:

4          I have read the PROTECTIVE ORDER issued by the United States

5   District Court for the Central District of California in the matter of *Double Zero,*

6   *Inc. v. The TJX Companies, Inc., et al.*, Case Number CV10-5241 CBM (JCGx),

7   regarding confidentiality of materials designated by the parties and their counsel. I

8   understand and agree to be bound by the terms of this Order.

9       **G.**    **Agreement of Parties to Order**

10         All parties to this action, their counsel, and all other persons subject to

11  this Order shall be bound by this Order and shall abide by all of the terms of this

12  Order until otherwise ordered by the United States District Court for the Central

13  District of California, or by written notice releasing them from the respective

14  obligations received from the pertinent Disclosing Party.

15      **H.**    **Continuing Effect of Order**

16         At the conclusion of this matter by lapse of all appeal right after entry

17  of final judgment from which no further rights of appeal exist, or by settlement of

18  this matter, each party shall promptly return to the other party all materials

19  designated as confidential and shall thereafter continue to respect all obligations

20  hereunder as to such designated materials. The Receiving Party shall not retain any

21  copies of such materials for any purpose including archival without the express

22  written consent of the Disclosing Party, except:

23         1.    For archival purposes, the Receiving Party will be entitled to

24  maintain a record by list or directory of the documents that were received and

25  returned; and

26         2.    Outside counsel of record may retain bona fide work product

27  pursuant to all obligations hereunder as to such designated materials.

28

LEWIS
BRISBOIS
BISGAAR

## I.   Additional Relief

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

## J.   Use for This Litigation Only

1.   Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2.   In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.

**IT IS HEREBY ORDERED**.

Dated: January 28, 2011

Honorable Consuelo B. Marshall
United States District Court Judge

LEWIS
BRISBOIS